IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN L. BLACK § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | C.A. No. _____ |
| § | |
| JAMES P. REDMOND; § | |
| LONESTAR OUTDOOR § | |
| ADVERTISING, INC.; and § | |
| HOUSTON SIGN AND SERVICE, INC. § | |
| § | |
| *Defendants.* § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff John L. Black ("Black" or "Plaintiff") for his Original Complaint against James P. Redmond ("Redmond"); Lonestar Outdoor Advertising, Inc. ("Lonestar") and Houston Sign and Service, Inc. ("Houston Sign") (collectively "Defendants"), respectfully states as follows:

**A.
PARTIES**

1. Plaintiff is a Florida resident.

2. Defendant Redmond is a Texas resident with an address of 508 Del Norte, Houston, Texas 77018.

3. Defendant Lonestar is a Texas corporation with its registered address in the care of its Registered Agent, Defendant Redmond, at 1023 East 28th Street, Houston, Texas 77009.

4. Defendant Houston Sign is a Texas corporation with its registered address

in the care of its Registered Agent, Defendant Redmond, at 1023 East 28th Street, Houston, Texas 77009.

## B.
## JURISDICTION AND VENUE

5. The Court has jurisdiction in this case pursuant to 28 U.S.C. §1332 because the claims at issue are between citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper under 28 U.S.C. §1391 because all or a substantial part of the events and omissions giving rise to the claims at issue occurred in and through Houston, Texas.

## C.
## BACKGROUND FACTS

8. Plaintiff Black is the owner and inventor of U.S. Patent Number 7,481,013, a unique system and method for framing billboard signs (the "Patent"). Plaintiff Black has licensed the Patent on a non-exclusive basis to his company Sun Media, Inc. ("Sun Media") for construction, marketing and distribution under the trade name "Universal Flex Frame".  *See* [http://www.universalflexframe.com](http://www.universalflexframe.com).

9. On information and belief, Defendant Redmond is the sole shareholder of Defendants Lonestar and Houston Sign.

10. On or about June 6, 2012, Plaintiff Black and Defendant Redmond agreed to go into business together.  The terms of their agreement were as follows:

    a) Black and Redmond would form a 50/50 partnership to be known as "Universal Flex Frames of Texas" (also referred to as the "Venture");

    b) Black would contribute the Patent, building materials, tools, know-how, good will and "sweat equity" towards the Venture;

c) Redmond would contribute cash, facilities, and office support for the Venture through his companies, Defendants Lonestar and Houston Sign.

11. Black relocated to Houston from his home in Vero Beach, Florida to assist the startup and honor his contribution to the Venture.

12. Shortly after arriving in Houston, Defendant Redmond presented Black with an assumed name filing for Harris County, Texas, under which Redmond and Black were to conduct business as "Universal Flex Frames of Texas." A true and correct copy of this assumed name filing is attached hereto as Exhibit A and incorporated by reference for all purposes.

13. Redmond and Black opened a checking account under the name "Universal Flex Frames of Texas" and Black started building and marketing the billboard frames incorporating the Patent.

14. Unbeknownst to Plaintiff, Defendant Redmond never filed the assumed name filing as presented to Black, but instead filed the assumed name of "Universal Flex Frames of Texas" under his company, Defendant Lonestar. A true and correct copy of this assumed name filing is attached hereto as Exhibit B and incorporated by reference for all purposes.

15. The parties went forward in the Venture until late 2013 when Plaintiff asked Defendant Redmond to memorialize their agreement in writing, at which point Defendant Redmond locked Black out of the business and refused him access to the venture's books and records.

16. Not long thereafter, Plaintiff learned that Defendant Redmond, acting individually, and with and through Defendants Lonestar and Houston Sign, engaged in a

fraudulent scheme designed to deprive Plaintiff of the Patent to the Defendants' benefit and to the Plaintiff's detriment.

17.     Plaintiff engaged the undersigned counsel in an effort to resolve amicably the issues between the parties.  A true and correct copy of counsel's January 16, 2014 correspondence to the Defendants is attached hereto as Exhibit C and incorporated by reference for all purposes.  This resulted in the Plaintiff recovering his tools, but nothing else.

18.     As of the filing of this Complaint, the Defendants have refused to provide the Plaintiff with a full accounting of the Venture, Defendant Redmond has refused to honor his agreement with Plaintiff, and the Defendants have refused to return to Plaintiff certain materials Plaintiff contributed to the Venture.  The Plaintiff brings suit against the Defendants, jointly and severally, as a result.

## D.
## FRAUD/FRAUD IN THE INDUCEMENT

19.     Plaintiff incorporates the preceding paragraphs by reference for all purposes.

20.     The representations made by Defendant Redmond to induce Plaintiff to enter into the Venture Universal Flex Frames of Texas constitute actionable fraud and fraud in the inducement.  Redmond's representations were material, they were false, and when the Redmond made those representations he knew the representations were false. At best, the Defendant's representations regarding his intentions and undertakings for the Venture were made recklessly and without any present knowledge of their truth or falsity. Further, Redmond made the representations with the intent that the Plaintiff would act on them, which he did to his detriment, resulting in damages within the jurisdictional limits

of this Court.

21. As a result of the Defendant's fraud and fraudulent inducement, Plaintiff is entitled to his actual and punitive damages, equitable relief, pre- and post-judgment interest, costs, and attorneys' fees.

### E.
### BREACH OF CONTRACT

22. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

23. The Plaintiff has fully performed his obligations under his agreement with Redmond, yet Redmond has failed repeatedly in his obligations to the Plaintiff. The Plaintiff has been damaged as a result of Redmond's various breaches.

### F.
### CONVERSION

24. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

25. Plaintiff owns and has the immediate right to possession of personal property including, but not limited to, his tools and materials contributed to the Venture. The Defendants have wrongfully exercised dominion and control over the Plaintiff's personal property, causing injury and damages for which he seeks recovery here.

### G.
### JOINT AND SEVERAL LIABILITY

26. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

27. Plaintiff alleges that the tortious acts of the Defendants have created an indivisible injury and, as such, all of the Defendants should be held jointly and severally

liable for the Plaintiff's damages.

## H.
## PIERCING THE CORPORATE VEIL

28. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

29. Plaintiff seeks to have the corporate fictions of Defendants Lonestar and Houston Sign disregarded and to impose liability on Defendant Redmond directly as Redmond has used Lonestar and Houston Sign as his alter egos for the illegal purposes described in this Complaint, in addition to using them as shams to perpetuate the fraud described in this Complaint.

## I.
## QUANTUM MERUIT

30. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

31. Pleading in the alternative, Plaintiff asserts a claim for quantum meruit against the Defendants.

32. The Plaintiff provided goods and services to the Defendants at the Defendants' request and with the Defendants' acquiescence.

33. The goods and services the Plaintiff provided to the Defendants have a reasonable and ascertainable value, the demand for payment of which has been made.

34. Despite the demand for payment, the Defendants have failed and refuse to pay the reasonable value of the goods and services the Plaintiff provided to the Defendants.

35. As a result of the Defendants' failure to pay the Plaintiff, the Plaintiff now

seeks as damages the reasonable value of the goods and services provided to the Defendants, in addition to pre- and post-judgment interest, costs, and attorneys' fees.

## J.
## DAMAGES

36. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

37. As a direct and proximate result of the Defendants' acts and omissions, the Plaintiff has suffered damages in an amount no less than Two Hundred and Fifty Thousand Dollars ($250,000), exclusive of exemplary damages, interest, costs, and attorneys' fees, all of which the Plaintiff now seeks recovery from the Defendants, jointly and severally or, alternatively, against Defendant Redmond solely as he misused and abused the corporate forms of Lonestar and Houston Sign.

## K.
## ATTORNEYS' FEES

38. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

39. As a result of the Defendants' acts and omissions, the Plaintiff has been required to retain the undersigned counsel. Plaintiff therefore seeks recovery of his reasonable and necessary attorney's fees.

## L.
## JURY DEMAND

40. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

41. Plaintiff hereby demands trial by jury and have submitted the appropriate fee.

## M.
## CONDITIONS PRECEDENT

42. Plaintiff incorporates the preceding paragraphs by reference for all purposes.

43. All conditions precedent have been performed or have occurred.

## N.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Defendants be cited to appear and answer this Complaint and, after trial, that the Court enter judgment for the Plaintiff against the Defendants for all of the Plaintiff's actual and exemplary damages, plus Plaintiff's reasonable and necessary attorneys' fees, pre- and post-judgment interest as allowed by law, Plaintiff's costs of suit, and all other relief, at law or in equity, to which the Plaintiff may show himself to be entitled.

Respectfully submitted,

*/s/ Justin W. R. Renshaw*
Justin W. R. Renshaw
Texas Bar 240133925
S.D. Tex. Adm. ID No. 25865
2900 Weslayan, Suite 230
Houston, Texas 77027
Phone: 713.400.9001
Fax:    713.400.9006
justin@renshaw-norwood.com

*Counsel for Plaintiff,*
*John L. Black*